UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. CONNIE CORRINE COSTALEZ         Docket Number: 06-cr-00330-LTB-01

**Petition for Modification of Conditions Due to Violations of Supervised Release**

      COMES NOW, Gary R. Kruck, probation officer of the court, presenting an official report upon the conduct and attitude of CONNIE CORRINE COSTALEZ who was placed on supervision by the Honorable David Briones sitting in the court at El Paso, Texas, on the 27th day of October 2004, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

2. The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**On August 18, 2007, jurisdiction of this case was transferred from the Western District of Texas to the District of Colorado.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the modification of the defendant's conditions of supervised release to include a special condition requiring the defendant to reside in a residential re-entry center for a period of up to six (6) months, or until such time as the defendant is released from the facility by the probation officer. The defendant shall observe the rules of that facility.

              ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this __4th__ day of __March__, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. |
| | s/Gary R. Kruck |
| | Gary R. Kruck<br>Senior U.S. Probation Officer |
| s/Lewis T. Babcock | |
| Lewis T. Babcock<br>U.S. District Court | Place: Denver, Colorado<br>Date: February 29, 2008 |

# ATTACHMENT

On May 16, 2006, the conditions of supervision were read and explained to the defendant. On that date, the defendant acknowledged in writing that the conditions had been read to her, that she fully understood the conditions, and that a copy of the conditions were provided to her. The term of supervised release commenced on May 15, 2006.

On February 22, 2008, the defendant executed a form entitled "Waiver of Hearing to Modify Conditions of Supervised Release," which waives her right to a hearing and agrees to the proposed modification of conditions of supervised release to include a special condition requiring her to reside in a residential re-entry center for a period of up to six (6) months. Gary R. Kruck, Senior United States Probation Officer, witnessed her signature. The defendant received assistance of counsel in this matter from Assistant Federal Public Defender Janine Yunker, who also signed the waiver on February 28, 2008. Assistant United States Attorney James Allison has been consulted and has no objection to the proposed modification. Upon final approval from the court, the defendant will be placed in the residential re-entry center. She has a tentative scheduled intake date of March 4, 2008.

This petition is based on the following facts:

On June 20, 2006, the defendant provided a random urine specimen at Correctional Management Incorporated (CMI) which tested positive for cocaine. The defendant admitted using cocaine.

On September 25, 2006, the defendant provided a random urine specimen at CMI which tested positive for cocaine. The defendant admitted using cocaine.

On February 25, 2007, the defendant provided a random urine specimen at CMI which tested positive for cocaine. The defendant admitted using cocaine.

On June 24, 2007, the defendant provided a random urine specimen at CMI which tested positive for cocaine. The defendant admitted using cocaine.

On February 2, 2008, the defendant provided a random urine specimen at CMI which tested positive for cocaine.

On February 16, 2008, the defendant provided a random urine specimen at CMI which tested positive for cocaine.

The defendant failed to provide a random urine specimen on August 11, 2007, January 28, and February 23, 2008.

The Probation Office believes that the defendant can benefit from the added structure of a residential re-entry center. The defendant has a scheduled intake date of March 4, 2008. The defendant will continue to attend substance abuse treatment at CMI and will continue to provide random urine specimens at the most frequent testing level.